No. _____

---

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

*IN RE:*        **CORPORATE MANAGEMENT, INC.,**        **Petitioners**
**Mississippi Corporation; STONE COUNTY**
**HOSPITAL, Incorporated; H. TED CAIN,**
**professionally and in his individual capacity;**
**JULIE CAIN; THOMAS KULUZ**

---

**Original Proceeding from the United States District Court of Mississippi,**
**Southern District, Southern Division**

**USDC NO. 1:16-cv-369-HTW-LGI**

**RELATED CASES:**

**1:20-cv-00321-HTW-MTP (consolidated)**
**1:22-cv00011-HTW-BWR (consolidated)**

---

## PETITION FOR WRIT OF MANDAMUS

---

**PATRICK R. BUCHANAN**
**Brown Buchanan P.A.**
**234 Caillavet Street, Suite 100**
**Post Office Box 1377**
**Biloxi, Mississippi 39533**
**Telephone:  228.374.2999**
**mailb@brownbuchanan.com**

*Counsel for Petitioners*

## LIST OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons and entities as described in Rule 28.2.1 have an interest in the outcome of this case.  The representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Respondents**

Hon. Henry T. Wingate
United States District Judge
501 East Court Street, Suite 6.750
Jackson, Mississippi 39201
wingate_chambers@mssd.uscourts.gov

Derek Henderson
Receiver
Derek A. Henderson, Attorney at Law
1765-A Lelia Drive, Suite 103
Jackson, MS  39216
derek@derekhendersonlaw.com

Estate of Robert Johnson, Deceased
Potential Intervenor

**Respondent's Counsel**

Derek Henderson
Derek A. Henderson, Attorney at Law
1765-A Lelia Drive, Suite 103
Jackson, MS  39216
derek@derekhendersonlaw.com

Eric Stracener
Stracener & Neely
2906 North State Street, Suite 200
Post Office Box 4936
Jackson, Mississippi 39296-0885
eric@sn-law.net

*/s/ Patrick R. Buchanan*
Patrick R. Buchanan
*Attorney for Petitioners*

[i]

**TABLE OF CONTENTS**

List of Interested Persons…………………………………………………………………..i

Table of Contents………………………………………………………………………….ii

Table of Authorities………………………………………………………………………iii

Statement of Relief Sought………………………………………………………………..1

Issues Presented…………………………………………………………………………...2

    Background……………………………………………………………………..2

    The Receiver…………………………………………………………………….2

    Motion to Intervene………………………………………………………….......3

Factual Background……………………………………………………………………….4

    The Receiver…………………………………………………………………….4

    Pending Issues………………………………………………………………….5

Why the Writ of Mandamus Should Issue………………………………………………...7

Conclusion……………………………………………………………………………….10

Certificate of Compliance……………………………………………………………….11

Certificate of Conference………………………………………………………………...12

Certificate of Service…………………………………………………………………….13

## TABLE OF AUTHORITIES

**CASES**

*Af-Cap, Inc. v. Republic of Congo*, 2005 U.S. Dist. LEXIS 64574 (W.D. Tex 2005)…….9

*Cheney v. U.S. Dist. Ct. for D..C.,* 542 U.S. 367 (2004)………..……………………….7

*In re Volkswagen of Am., Inc.,* 545 F. 3d 304 (5th Cir. 2008)…………………………...2, 7

*In re Rolls Royce Corp.,* 775 F. 3d 671, 675 (5th Cir. 2014)……………………………7

*Ministry of Def. v. Cubic Def. Sys., Inc.,* 385 F. 3d 1206 (9th Cir. 2004)…………………9

*Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.,*
    831 F. 2d 59 (5th Cir. 1987)……………………………………………...9, 10

*SEC v. Spence & Green Chemical Co.,* 612 F. 2d 896 (5th Cir. 1980)………………………7

*United States ex rel. Aldridge v. Corp. Mgmt.,* 78 F. 4th 727 (5th Cir. 2023)………………2

**STATUTES**

28 U.S.C. § 3103…………………………………………………………………..2, 3, 4, 7

28 U.S.C. § 3203…………………………………………………………………..7, 8

**RULES**

Fed. R. App. Pro. 21…………………………………………………………………1

Fed. R. Civ. Pro. 66………………………………………………………………..2, 4

COME NOW the Petitioners, Corporate Management, Inc., Stone County Hospital, H. Ted Cain, Julie Cain and Thomas Kuluz, by and through their attorneys, Brown Buchanan P.A., and pursuant to Rule 21 of the Federal Rules of Appellate Procedure, petition this Court for a Writ of Mandamus directing the District Court to issue an Order discharging the Receiver it appointed on July 25, 2023; and, directing the District Court to issue an Order regarding the pending [Doc. 797] Motion to Intervene.  In support of their Petition, Petitioners state as follows:

I.      **STATEMENT OF RELIEF SOUGHT**

On July 25, 2023, the District Court appointed a Receiver "over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly" to preserve and protect Petitioners' assets until the Amended Judgment was satisfied.  Petitioners satisfied the Amended Judgment on April 25, 2024.  The District Court has not terminated the Receivership.  The District Court denied Petitioner's Motion to Terminate Receivership.  The Receiver has not moved to terminate the Receivership.  Petitioners respectfully ask this Court to grant the petition and issue an Order directing the District Court to enter an Order terminating the Receiver appointed by the District Court on July 25, 2023.

On May 23, 2024, after the Amended Judgment was entered on February 29, 2024, and after it was satisfied by the Petitioners on April 25, 2024, a plaintiff in a state court lawsuit against an entity that was not a defendant in this case, filed a Motion to Intervene in this case.  The state court plaintiff wanted to intervene in this case so he could enter into negotiations with the Receiver to settle his state court lawsuit.  Petitioners request this Court to grant the petition and issue an Order directing the District Court to enter an Order regarding the [Doc. 797] Motion to Intervene filed on May 23, 2024.

II.     **ISSUES PRESENTED**

A.  Background

The right to the issuance of a writ of mandamus is necessary, clear and indisputable where the district court has clearly abused its discretion.  *In re Volkswagen of Am., Inc.,* 545 F. 3d 304, 311 (5th Cir. 2008).  On July 24, 2023, the District Court appointed a receiver "over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly" to preserve Petitioners' assets pending the satisfaction of the Judgment.  Petitioners satisfied the Amended Judgment on April 25, 2024.  Even though the Amended Judgment was satisfied, the District Court has not terminated the Receiver nor has it acted on the Motion to Intervene.  The District Court denied Petitioner's Motion to Terminate Receivership.  The Receiver has not moved the District Court to terminate the receivership.  Because the Amended Judgment has been satisfied, it is an abuse of discretion to not terminate the Receiver.

B.  The Receiver

This matter arises from a Judgment entered by the District Court on May 10, 2020.  The Judgment was appealed to the Fifth Circuit on March 15, 2022.  The Fifth Circuit rendered its decision regarding the appeal on August 21, 2023.  *See United States ex rel. Aldridge v. Corp. Mgmt.,* 78 F. 4th 727 (5th Cir. 2023).  On January 22, 2024, the Fifth Circuit was notified that the U.S. Supreme Court denied certiorari.  On July 24, 2023, just before the Fifth Circuit rendered its decision reducing the judgment, the District Court appointed a Receiver pursuant to Fed. R. Civ. Pro. 66 and 28 U.S.C. § 3103 "over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly."

The Receiver was appointed by the District Court in response to motions filed by the United States and the Relator – who are no longer parties in this case - regarding allegations of

contempt.  The United States - who requested a receiver – stated a receiver was necessary so the Court could "shape remedies to protect the Government's ability to collect on a $31.9 million judgment[1] against Ted Cain for 12 years of Medicare cost reporting fraud."  The Government's stated purpose for a receiver - collecting on the judgment - is consistent with the language of 28 U.S.C. § 3103 under which the receiver was appointed.  28 U.S.C. § 3103 states that a receiver "shall not continue past the entry of judgment, or the conclusion of an appeal of such judgment…"

On February 29, 2024, the District Court entered the Amended Judgment.  Within sixty (60) days from entry of the Amended Judgment, on April 25, 2024, Petitioners satisfied the Amended Judgment.  On May 20, 2024, the United States filed its Notice of Satisfaction of Judgment.  The purpose of the Receiver – to preserve and protect Petitioners' assets until the Amended Judgment was satisfied – was accomplished.  Even though the purpose of the Receiver was accomplished, the District Court has not terminated the Receiver.  Pursuant to 28 U.S.C. § 3103(e), the Receiver is authorized to move the District Court to terminate the receivership.  Even though the purpose of the Receiver was accomplished, the Receiver has not moved the District Court to terminate the Receivership.

The continued involvement of the Receiver in Petitioner's "entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly" serves no purpose.  The Petitioners satisfied the Amended Judgment.  However, Petitioners continue to have no control over their businesses, without Receiver oversight.  Petitioners continue to pay the Receiver monthly fees for his oversight.  Because the Amended Judgment was satisfied, no reason exists for the Receiver's continued involvement in the management of Petitioner's assets.

---

[1] The Fifth Circuit reduced the damages from $31.9 million to $14,217,497.00.

C. Motion to Intervene

After the Amended Judgment was entered on February 29, 2024, and after it was satisfied by the Petitioners on April 25, 2024, a plaintiff in a state court lawsuit against an entity that was not a defendant in this case filed a Motion to Intervene in this case on May 23, 2024. The state court plaintiff wanted to intervene in this case so he could enter into negotiations with the Receiver to settle his state court lawsuit.

## III.    FACTUAL BACKGROUND

A. The Receiver

The District Court appointed the Receiver on July 25, 2023, pursuant to Fed. R. Civ. Pro. 66 and 28 U.S.C. § 3103, "over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly." *Order Appointing Receiver* attached as *Exhibit "1"*. The District Court appointed the Receiver in response to motions filed by the United States and the Relator regarding contempt. *Exhibit "1"*. Neither the United States nor the Relator remain as parties in this case.

The United States - who requested the Receiver – stated the Receiver was necessary so the Court could "shape remedies to protect the Government's ability to collect on a $31.9 million judgment against Ted Cain for 12 years of Medicare cost reporting fraud." *United States' Proposed Findings of Fact and Conclusions of Law,* attached as *Exhibit "2" (Doc. 649* at 7 (¶ 11)). The United States' stated purpose for requesting a receiver - collecting on its judgment - is consistent with the language of 28 U.S.C. § 3103 under which the Receiver was appointed. 28 U.S.C. § 3103 states that the receivership "shall not continue past the entry of judgment, or the conclusion of an appeal of such judgment…"

4

On February 29, 2024, the District Court entered its Amended Judgment. *Amended Judgment attached as Exhibit "3".* Petitioners promptly satisfied the Amended Judgment on April 25, 2024. On May 20, 2024, the United States filed its [Doc. 793] Notice of Satisfaction of Judgment. *Notice of Satisfaction of Judgment,* attached as *Exhibit "4".* On May 1, 2024, after having satisfied the Amended Judgment, Petitioners filed their Motion to Terminate Receivership. *Motion to Terminate Receivership*, attached as *Exhibit "5".* On June 24, 2024, the District Court denied Petitioners Motion to Terminate Receivership. *Order Denying Motion to Terminate Receivership*, attached as *Exhibit "6".* On July 24, 2024, Petitioner's filed Defendants' Motion to Reconsider [Doc. 810] Order Denying Motion to Terminate Receivership or, in the Alternative, Motion to Limit Receivership. *Defendants' Motion to Reconsider [Doc. 810] Order Denying Motion to Terminate Receivership or, in the Alternative, Motion to Limit Receivership,* attached as *Exhibit "7".* The District Court has not ruled on Petitioner's motion.

Petitioners contacted the District Court on August 22, 2024, September 6, 2024, and September 24, 2024, in an attempt to have the District Court set a hearing or status conference to address these pending issues. *E-mails to the District Court,* attached as *Exhibit "8".* The issues have not been addressed.

B. Pending Issues

When the District Court denied Petitioners Motion to Terminate Receivership, there was pending before the District Court two (2) issues. The first issue was Receiver's Motion to Approve Compromise and Settlement Regarding Relator's Legal Fees and Expenses. *Receiver's Motion to Approve Compromise and Settlement Regarding Relator's Legal Fees and Expenses,* attached as *Exhibit "9".* The second issue was the Motion to Intervene filed by a plaintiff in a state court

lawsuit. The state court plaintiff had received a state court judgment against an entity that was not a party to this case. *Motion to Intervene,* attached as *Exhibit "10".*

Regarding the Receiver's Motion to Approve Compromise and Settlement Regarding Relator's Legal Fees and Expenses, this issue was settled on July 29, 2024.[2]  On August 9, 2024, at the direction of the District Court, the Petitioner's presented an Agreed Order, approved and agreed to by the current parties to the litigation and by the attorneys for the United States, to the District Court confirming the settlement of the issue and dismissing, as moot, Receiver's Motion to Approve Compromise and Settlement Regarding Relator's Legal Fees and Expenses. *E-Mail with attachment to Judge Wingate dated August 9, 2024,* attached as *Exhibit "11".*  The District Court entered a Text Order on October 10, 2024, denying Receiver's [Doc. 790] Motion to Approve Compromise and Settlement Regarding Relator's Legal Fees and Expenses as moot.

Regarding the Motion to Intervene, on August 12, 2024, at the direction of the District Court, the parties submitted to the District Court proposed findings of fact and conclusions of law regarding the Motion to Intervene. *E-Mail with attachment to Judge Wingate dated August 12, 2024,* attached as *Exhibit "12".*  The District Court has not entered an Order regarding the Motion to Intervene.  The Motion to Intervene is premised on a state court judgment in the amount of $200,000.00.  *Exhibit "10".*  The Receiver informed the District Court he has frozen over $1,000,000.00 of Petitioner's money to address this issue.  *Exhibit "13" - H.T.* at 11 – 12, 59.

The purpose of the Receiver – to preserve and protect Defendants' assets until the Amended Judgment was satisfied – has been accomplished.  At this time, the continued involvement of the Receiver in this matter serves no purpose.  The continued presence of the Receiver prevents the

---

[2] The Receiver told the District Court he wanted to settle this claim for  $241,043.26 because this was a fair and reasonable settlement.  *Exhibit "8".*  This claim was settled by the Petitioners and the Realtor's attorneys for $150,000.00.

Petitioners from having control over their businesses, without Receiver oversight. The Petitioners continue to pay the Receiver monthly fees for his oversight. There is no reason for the Receiver to manage the Petitioners assets. At its hearing on June 13, 2024, even though the Amended Judgment was satisfied on May 20, 2024, the Court stated is was still considering a liquidation process regarding Petitioners. *Exhibit "13"* - H.T. at 114 - 15, 120 – 22.

## IV.    WHY THE WRIT OF MANDAMUS SHOULD ISSUE

A writ of mandamus may issue if three (3) criteria are met:

First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires, a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied the writ is appropriate under the circumstances.

*In re Rolls Royce Corp.,* 775 F. 3d 671, 675 (5th Cir. 2014) (quoting *Cheney v. U.S. Dist. Ct. for D..C.,* 542 U.S. 367, 380 – 81 (2004) (alterations in original). "These hurdles, however demanding, are not insuperable." *In re Volkswagen of Am. Inc.,* 545 F. 3d 304, 311 (5th Cir. 2008) (en banc) (quoting *Cheney*, 542 U.S. at 381). Mandamus is appropriate when there is a clear abuse of discretion. *In re Rolls Royce Corp.,* 775 F. 3d at 683.

The decision to remove a receiver rests in the sound discretion of the district court. *SEC v. Spence & Green Chemical Co.,* 612 F. 2d 896, 904 (5th Cir. 1980) (citations omitted). However, the imposition of a receivership is a drastic measure, the detrimental business effects of which should be carefully considered. *Id.* Once imposed, a receivership should be terminated – and control returned to those who own the businesses – as soon as the reason for the receivership ceases. *Id.* 28 U.S.C. § 3103(c) provides "[a] receivership shall not continue past the entry of judgment, or the conclusion of an appeal of such judgment, unless the court orders it continued

under section 3203(e)."  28 U.S.C. § 3203(e) provides:  "[p]ending the levy of execution, the court

may appoint a receiver to manage property described in such writ if there is a substantial danger

that the property will be removed from the jurisdiction of the court, lost, materially injured or

damaged, or mismanaged."

    In the case *sub judice*, all the prerequisites for the issuance of a Writ of Mandamus are

present.  The reason for the Receiver ceased on April 25, 2024, when the Amended Judgment was

satisfied by Petitioners.  In the over five (5) months since the Amended Judgment was satisfied,

the Receiver has not moved to terminate the Receivership.[3]  In the over five (5) months since the

Amended Judgment was satisfied, the District Court denied Petitioner's Motion to Terminate the

Receivership and it has taken no action to terminate the Receiver.  Not only has the Receiver

remained in place even though the Amended Judgment has been satisfied, but the Receiver has

also continued to keep frozen over one million dollars of Petitioners money.  In addition, from

May 1, 2024, until July 31, 2024,[4] Petitioners have paid the Receiver Sixty Five Thousand Nine

Hundred Sixty Nine and 94/100 dollars ($65,969.94) in fees.  Petitioners are not able to access

over one million dollars of their own money.  Petitioners are not allowed to operate their businesses

without Receiver oversight.  The  continued presence of the Receiver continues to cause

detrimental impacts on Petitioner's businesses.

    The only potential claim remaining against Petitioners is a claim for intervention seeking

the payment of Two Hundred Thousand and 00/100 dollars ($200,000.00).  The party who filed

the Motion to Intervene agreed to an Order in state court where the state court "[retained]

jurisdiction over [the] matter for the purpose of confirming and enforcing the arbitrator's award

---

[3] The Receiver filed his [Doc. 783]Response to Motion to Terminate Receivership stating he had  no objection to the termination of the Receivership upon certain terms and conditions.  *Response to Motion to Terminate Receivership,* attached as *Exhibit "14".*

[4] The Receiver has not submitted his invoices for August 2024 and September 2024.

and/or judgment." *Agreed Order*, attached as *Exhibit "15"*. This Order aside, the Fifth Circuit requires that a person seeking intervention present a greater showing than a general collectability interest. *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.,* 831 F. 2d 59 (5th Cir. 1987); *Af-Cap, Inc. v. Republic of Congo*, 2005 U.S. Dist. LEXIS 64574 at *4 (W.D. Tex 2005) (citing *Ministry of Def. v. Cubic Def. Sys., Inc.,* 385 F. 3d 1206 (9th Cir. 2004).

The right to intervention requires a direct, substantial, legally protectable interest in the proceedings before the district court. *Mothersill D.I.S.C. Corp.,* 831 F. 2d at 62 (citation omitted). If only a general collection interest exists, without more, than the party seeking intervention cannot show the requisite "legally protectable interest" to satisfy the requirements of Rule 24. *Mothersill D.I.S.C. Corp.*, 831 F. 2d at 62; *Af-Cap, Inc. v. Republic of Congo*, 2005 U.S. Dist. LEXIS 64574 at *4 (citing *Cubic Def. Sys., Inc*., 385 F. 3d at 1213). The Fifth Circuit in *Mothersill D.I.S.C. Corp*. held that the fact that the intervenor's "debt was practically uncollectable without access to appellants' share of the settlement fund" was "irrelevant in the absence of some interest in the main action." *Mothersill D.I.S.C. Corp*., 831 F. 2d at 63.

In this case, a motion to intervene was filed in the District Court so that a state court plaintiff could enter into negotiations with the Receiver in order to collect a state court judgment. The state court specifically retained jurisdiction over the judgment. The state court plaintiff seeks to negotiate the collection of his state court judgment in the District Court with the Receiver appointed by the District Court.

In the case at bar, the Receiver was appointed by the District Court for a case before the District Court. The District Court case in which intervention is sought is a case in which the judgment has already been rendered and satisfied. The state court plaintiff's state court claim was for wrongful death. The case before the District Court was premised on false claims for Medicare

costs. The Defendants in the case before the District Court were not defendants in the state court case.

The state court plaintiff's interest in entering into negotiations with the Receiver for the collection of his state court judgment is not related to the underlying subject matter of the case before the District Court. In addition, Petitioners are not defendants in the state court action. The state court plaintiff's claim for intervention in the District Court is simply based on a general collectability interest and his request for intervention is not proper. *Mothersill D.I.S.C. Corp.*, 831 F. 2d at 62; *Af-Cap, Inc. v. Republic of Congo*, 2005 U.S. Dist. LEXIS 64574 at *4 (citing *United States v. Alisal Water Corp.,* 370 F. 3d 915, 920 – 21 (9th Cir. 2004).

## V.    CONCLUSION

For the reasons stated above, Petitioners respectfully request that the Court grant the petition and issue an Order directing the District Court to terminate the Receiver and return control of Petitioners businesses to Petitioners; and, issue an Order directing the District Court to rule on the Motion to Intervene.

Respectfully submitted this the 15th day of October, 2024.

/s/ Patrick R. Buchanan
Patrick R. Buchanan (MSB # 8439)
Brown Buchanan P.A.
234 Caillavet Street, Suite 100
Post Office Box 1377
Biloxi, Mississippi 39533
Telephone:  228.374.2999

*Attorneys for Petitioners*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Petition complies with the page and type-volume limitations of the Fed. R. App. Pro. 21(d) and 32(a) because:

1.  Exclusive of exempted portions in Fed. R. App. Pro. 21(d) and 5th Cir. R. 21, this Certificate of Compliance, and the tables of content and authorities, the Petition contains ten (10) pages.

2.  The Petition has been prepared in proportionally spaced typeface using Microsoft Word, Font Size 12.

3.  The undersigned understands a material representation in completing this certificate, or circumventing of the type-volume limits, may result in the Court striking the Petition and imposing sanctions against the person signing the Petition.

*/s/ Patrick R. Buchanan*
Patrick R. Buchanan
*Attorney for Petitioners*

## CERTIFICATE OF CONFERENCE

On October 14, 2024, I contacted counsel for the parties to the underlying litigation and informed them of Petitioner's intent to file a Petition for Writ of Mandamus.  The Receiver, Derek Henderson, could not support the Petition for Writ of Mandamus.  Counsel for Intervenor, W. Eric Stracener, in general declined to support any mandamus action.

*/s/ Patrick R. Buchanan*
Patrick R. Buchanan
*Attorney for Petitioners*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of October, 2024, this document has been filed

with the Clerk of the United States District Court of Mississippi, Southern District and served by

ECF or mail upon counsel of record in the underlying litigation:

Derek Henderson
Derek A. Henderson, Attorney at Law
1765-A Lelia Drive, Suite 103
Jackson, MS  39216
derek@derekhendersonlaw.com

Eric Stracener
Stracener & Neely
2906 North State Street, Suite 200
Post Office Box 4936
Jackson, Mississippi 39296-0885
eric@sn-law.net

I further certify that I have mailed the foregoing document by First Class Mail, postage

prepaid, to the following:

Hon. Henry T. Wingate
District Judge
501 East Court Street, Suite 6.750
Jackson, Mississippi 39201
wingate_chambers@mssd.uscourts.gov